IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

UNITED STATES OF AMERICA

v.                                           CRIMINAL NO. 4:17cr109

CHRISTOPHER MICHAEL WILLIAMS

Defendant.

## POSITION OF UNITED STATES WITH RESPECT TO SENTENCING FACTORS

In accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, *Guidelines Manual,* § 6A1.2, the United States of America, through its attorneys, Tracy Doherty-McCormick, Acting United States Attorney for the Eastern District of Virginia, and Lisa R. McKeel, Assistant United States Attorney, hereby represents that it has reviewed the Probation Office's pre-sentence report ("PSR") and that it does not dispute any of the factors or facts set out therein.

The defendant, CHRISTOPHER MICHAEL WILLIAMS, pled guilty to Receipt of Child Pornography, in violation of Title 18, U.S.C., § 2252A (a)(2). The maximum penalty for this offense is 240 months (20 years) in prison. The Guideline calculation for this offense is 262-327 months in prison. Based upon the facts of the case, including all relevant conduct, the defendant's criminal history and characteristics as set forth in the PSR and taking into consideration the factors in Title 18, U.S.C. § 3553(a), the United States believes that a sentence of 20 years is sufficient but not greater than necessary to comply with the purposes of sentencing

1

pursuant to Title 18, U.S.C. § 3553(a).

## PROCEDURAL BACKGROUND

On October 31, 2017, the defendant, CHRISTOPHER MICHAEL WILLIAMS, was arrested on a criminal complaint for Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2) and taken to the United States District Court for his initial appearance. The Federal Public Defender's Office was appointed to represent the defendant. On November 3, 2017, the defendant and his counsel appeared for a preliminary hearing and detention hearing. WILLIAMS waived his preliminary hearing and sought release from custody. However, he was detained pending indictment.

On November 14, 2017, the defendant was charged in a three count indictment with three counts of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). On November 20, 2017, the defendant was arraigned and a jury trial was set for January 23, 2018 in Newport News.

On January 22, 2018, the defendant entered a guilty plea to one count of Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). Sentencing is set for May 23, 2018.

## DISCUSSION

### Section 3553(a) Factors

The Guideline calculation calls for 262-327 months in prison. However, the maximum the defendant can receive is 240 years in prison.

Prior to sentencing the defendant, the Court "must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, 18 U.S.C. § 3553(a), explaining any variance from the former with

2

reference to the latter." *Nelson v. United States*, 129 S. Ct. 890, 891-92 (2009). Title 18, United States Code, Section 3553(a)(1) provides that, in determining a sentence, courts must consider the nature and circumstances of the offense, as well as the history and characteristics of the defendant. Additional factors outlined in § 3553(a)(2) include the need for the sentence to reflect the seriousness of the offense; to promote respect for law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner.

### Section 3553(a)(1) Factors: Nature and Circumstances of the Offense

In reviewing the Section 3553(a) factors, the nature and circumstances of the offense are serious and weigh heavily against the defendant. The defendant has pled guilty to one count of Receipt of Child Pornography. The case conduct began when Google, Inc. found that on numerous occasions the defendant uploaded images of child pornography to his email accounts. The company notified the National Center for Missing and Exploited Children (NCMEC), who in turn notified law enforcement. A federal search warrant was obtained and was executed on October 30, 2017. A number of electronic devices were seized. The defendant, age 46, waived his *Miranda* rights, spoke with agents, and admitted to uploading, distributing and trading images of child pornography to other users on a website. The agents asked the defendant if he would take a polygraph exam and he consented. The defendant's devices were analyzed and images of child pornography were found. His collection included prepubescent children, some as young as toddlers.

The defendant was administered his *Miranda* rights at the polygraph examination by an

3

FBI agent. He admitted to the agent after the polygraph that he on five occasions he had sexual contact with his girlfriend's grandson, while he lived with them from May 2014 to August 2017. The defendant admitted that he also photographed the child's bare buttocks and on one occasion, he admitted that he placed his erect penis beside the child's bare buttocks in a photo. He also admitted that during one of the occasions of sexual contact with the boy, the child was sleeping.

Agents interviewed the defendant's girlfriend and she told the agents that she had found images of a five-year-old child that she used to babysit in 2014 or 2015 on the defendant's computer. These images were of the child's clothed crotch and leg area.

**Section 3553(a)(1) Factors: History and Characteristics of the Defendant**

The defendant, a high school graduate, is a 39-year-old Virginia native who, at the time of the offense, was employed as a contractor for a remodeling company. He had only been employed by the company for five months. Throughout his adult life, he worked a number of different jobs with the longest being a taxi cab driver from 2010 to 2017.

The defendant has never been married and has no children. He has four siblings who have not criminal history or substance abuse problems. The defendant is in good health and has no mental health issues. According to the defendant, he began drinking alcohol at 18 years old and eventually stopped drinking due to alcohol abuse. He enrolled himself in Alcoholics Anonymous.   He began using marijuana at age 16 and continued using the drug until 2017.   He also used cocaine for ten years until 2002.

Despite his mother's proclamation that the defendant managed his money well, he is in debt over $21,000.

As far as a criminal history, the defendant has two felony convictions as a juvenile for

Burglary and Grand Larceny. As an adult, he has an arrest for Contributing to the Delinquency of a Minor, but the disposition is unknown.

**Section 3553(a)(2): Other Factors and Argument**

The sentence the court imposes must include; the need for the sentence to reflect the seriousness of the offense; to promote respect for law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed education or vocational training, medical care, or other corrective treatment in the most effective manner.

The United States submits that the offense for which the defendant has pled guilty is serious offense involving the sexual exploitation of children. The defendant received and distributed child pornography to fellow users of a website. He has also photographed and sexually abused a young male child that was in his care. Furthermore, he photographed a five-year-old female child's crotch area while she was in the care of his girlfriend. The defendant is a dangerous child predator and his sentence should reflect such conduct. The sentence the Court imposes must also promote respect for the law and provide just punishment. Also important, the sentence should protect the public from the defendant.

## Conclusion

The United States respectfully request that this Honorable Court sentence the defendant to 20 years in prison and a lifetime of supervised release. The United States submits that such a sentence is sufficient but not greater than necessary to comply with the purposes of sentencing pursuant to Title 18, U.S.C. § 3553(a).

Respectfully submitted,

                               Tracy Doherty-McCormick
                               Acting United States Attorney

By:                  /s/
                               Lisa R. McKeel
                               Assistant United States Attorney
                               Virginia Bar No. 28652
                               Attorney for the United States of America
                               United States Attorney's Office for the
                               Eastern District of Virginia
                               Fountain Plaza Three, Suite 300
                               721 Lakefront Commons
                               Newport News, Virginia 23606
                               Tel. (757) 591-4032
                               Fax: (757) 591-0866
                               Email: Lisa.McKeel@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of May, 2018, I electronically filed the foregoing

with the Clerk of Courts using the CM/ECF system, which will send notification of such filing (NEF) to the following:

    Wilfredo Bonilla, Jr., Esq
    150 Boush Street
    Suite 403
    Norfolk, Virginia 23510
    E-mail: Wilfredo_Bonilla@fd.org

And I hereby certify that I have e-mailed the document to the following non-filing user:

Kristie M. Milby
United States Probation Office
827 Diligence Drive
Suite 210
Newport News, VA 23606

          /s/
Lisa R. McKeel
Virginia State Bar No. 28652
Attorney for Government
United States Attorney's Office
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
Phone: (757) 591-4032
Fax: (757) 591-0866
Email: Lisa.McKeel@usdoj.gov

